UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
CHERYL MILLER, on behalf of herself and    )        CIVIL ACTION NO.
all others similarly situated,                          )
                                                    )
                      Plaintiff,                    )        **Jury Trial Demanded**
                                                    )
v.                                                  )
                                                    )
EQUITY RESIDENTIAL MANAGEMENT        )
LLC,                                                )
                      Defendant.                    )
_____)


## CLASS ACTION COMPLAINT


        Plaintiff, Cheryl Miller ("Plaintiff"), by and through her undersigned counsel of record,

on behalf of herself and all others similarly situated, submits the following class action complaint

against Defendant Equity Residential Management LLC ("Equity Residential" or "Defendant"),

and based upon personal knowledge as to her own acts and circumstances and based upon

information and belief as to all other matters, alleges as follows.


## I.       SUMMARY OF THE ACTION


        1.       Plaintiff brings this action for redress of the unlawful practice of Equity

Residential of charging up-front, non-refundable fees, called "amenity fees," "amenity use fees,"

or "move-in fees," (referred to collectively as "Amenity Fees")  to tenants at its Massachusetts

rental properties.  These fees, charged to Plaintiff and other tenants at Equity Residential

Massachusetts properties (the "Properties")[1] violate G.L. c. 186, § 15B, the Massachusetts

_____
[1] A list of the Properties is attached hereto as Exhibit A.

Security Deposit Law.  Plaintiff, on behalf of herself and the Class, seeks refund or reimbursement to Equity Residential's current and former Massachusetts tenants of the Amenity Fees they paid during the Class Period and seeks an order, in the form of injunctive relief, directing Equity Residential to cease its practice of charging these non-refundable, up-front fees. Plaintiff brings this action as a class action on behalf of herself and a class comprised of all current and former tenants at the Properties who paid Amenity Fees, during the period from May 8, 2008 through the present (the "Class Period").

## II.        THE PARTIES

1.        Plaintiff, Cheryl Miller, is an individual residing at 10 Emerson Place, Apartment 18B, Boston, Suffolk County, Massachusetts.

2.        Defendant Equity Residential is a Delaware limited liability company, with a principal place of business in Chicago, Illinois and a regional office in Wellesley, Massachusetts. Equity Residential is identified as the lessor on Plaintiff's lease and, upon information and belief, is and was the lessor on leases for more than 6,000 residential rental units in Massachusetts. *See* Exhibit A.

## III.        JURISDICTION AND VENUE

3.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2). In the aggregate, Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, Plaintiff and Defendant are residents of different states, and the state of residence of most Class members (Massachusetts) is different from the state of residence of Defendant (Illinois or Delaware).

4.        This Court has personal jurisdiction over Defendant because it transacts and has transacted business in Massachusetts by leasing and managing residential rental units in

Massachusetts, and because the acts or conduct that are the subject matter of this action arose from Defendant's transaction of business in Massachusetts.

5.       Venue is proper in this Court because Plaintiff resides in this District, Equity Residential leases and/or manages residential rental units in this District, and the acts giving rise to the causes of action asserted herein occurred in this District.

### IV.    FACTUAL ALLEGATIONS

6.       Equity Residential is identified as the "Lessor" on Plaintiff's lease and is, the lessor for the leases on all rental units at the Properties. Equity Residential signs the leases as agent for the owner, ERP Operating Limited Partnership (an affiliate of Equity Residential).

7.       At or prior to the commencement of each tenancy at the Properties, Equity Residential charges each tenant a one-time, non-refundable fee, called at various times an "amenity fee," an "amenity use fee," or a "move-in fee."

8.       The Amenity Fee is charged and paid at or prior to the time of execution of the lease.

9.       The Amenity Fee is a one-time fee in that it is paid once during a particular tenant's tenancy, even if that tenant renews his or her tenancy for multiple annual terms.

10.      The Amenity Fee is non-refundable.

11.      The Amenity Fee is not optional—it is imposed upon tenants at the Properties as a condition of their tenancy.

12.      Defendant continues to charge Amenity Fees to tenants at the Properties.

13.      The Amenity Fee charged by Equity Residential is in violation of Massachusetts law, in particular G.L., c. 186, § 15B (the "Massachusetts Security Deposit Law").

14.     The Massachusetts Security Deposit Law is very clear and specific in enumerating the charges that a lessor of real property may require a tenant or prospective tenant to pay at or prior to the commencement of his or her tenancy.  Such charges are limited to:  "(i) rent for the first full month of occupancy; and (ii) rent for the last full month of occupancy calculated at the same rate as the first month; and (iii) a security deposit equal to the first month's rent provided that such security deposit is deposited as required by subsection (3) and that the tenant is given a statement of condition as required by subsection (2) ; and (iv) the purchase and installation of a key and lock."  c. 186, § 15B.[2]

15.     The Amenity Fee charged by Equity Residential violates the foregoing provisions as it is not one of the enumerated charges that a lessor may require tenants or prospective tenants to pay.

16.     As noted above, the Amenity Fee is a one-time, non-refundable fee paid at or about the time of execution of the lease, and is listed in Equity Residential's Residential Lease Term Sheet as such in the section entitled, "Total Other Fees and Charges."  *See* Defendant's Residential Lease Term Sheet for Plaintiff's lease term commencing 5/1/2010, a copy of which is annexed hereto as Exhibit B.

17.     The Amenity Fee is clearly not a security deposit.   First, Defendant did not comply with the requirements of c. 186, § 15B with respect to the Amenity Fee.  Second, as a non-refundable fee, the Amenity Fee is, by definition, not a security deposit.  Finally,

---

[2] Subsection (3) referenced above requires, among other things, that any security deposit received by a lessor be held in a separate, interest-bearing bank account,  that the tenant be given a receipt for the deposit, indicating the name and address of the bank in which the deposit is held, the account number and the amount of the deposit, and that the deposit be returned to the tenant within 30 days after termination of the tenancy or occupancy, subject to certain specifically allowable deductions. c. 186, § 15B(3).  Subsection (2) referenced above requires that a tenant from whom a security deposit is received be provided, at the time of receipt by the lessor of the deposit, a written statement of the then present condition of the leased premises.  *Id*., § 2.

Defendant's Lease Terms and Conditions specifically provide that the Amenity Fee is not a security deposit:

> ONE-TIME FEES:  If you have paid other fees and charges as set forth in the Total Other Fees and Charges section of the Term Sheet, you acknowledge and understand that such other fees and charges are not refundable, are not considered to be a security deposit or part of the Total Deposits, and will not be applied as a credit toward any amounts owing by you at the time you move out.[3]

18.     The Amenity Fee is not first month's rent or last month's rent.  It is not refundable, it is not to be applied toward rent for the first or last month of the tenancy, it is, not used to offset rent for those periods, and it is not equivalent in amount to the monthly rent.  In addition, Defendant did not, with respect to the Amenity Fee, comply with the provisions of c. 186 § 15B(2)(a) for holding the fee as last month's rent.

19.     The Amenity Fee was not used to reimburse Defendant for the cost of a key and lock.

20.     Plaintiff is a tenant in one of the Properties, at 10 Emerson Place, Apartment 18B, Boston, Massachusetts, and has been a tenant at that location since approximately May 1, 2010.

21.     On or about May 1, 2010, Plaintiff was charged and paid an Amenity Fee as a condition of her tenancy.

22.     The Amenity Fee paid by Plaintiff was a one-time, non-refundable fee.  The Amenity Fee was not presented to Plaintiff as optional, but was instead presented as a condition of her tenancy.  *See* April 18, 2010 email from Melissa Reis to Cheryl Miller, a copy of which is annexed hereto as Exhibit D.

---

[3] *See* Defendant's Residential Lease—Terms and Conditions (Massachusetts) for Plaintiff's lease commencing 5/1/2010, Section 9, a copy of which is annexed hereto as Exhibit C.

23.     The Amenity Fee paid by Plaintiff was not a security deposit, nor was it a deposit for first or last month's rent, nor was it a charge for the purchase and installation cost for a key and lock.

24.     Plaintiff has never received a refund of the Amenity Fee or any portion of it from Defendant.

## V.  CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action on behalf of herself and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All current and former tenants at the Properties who from May 8, 2008 through the present, paid an Amenity Fee (the "Class").

Excluded from the Class are Defendant and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.  Plaintiff reserves the right to modify or amend the Class definition, as appropriate.

26.     Certification of Plaintiff's claims for class wide treatment is appropriate because Plaintiff can prove the elements of her claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

27.     Numerosity – Fed. R. Civ. P. 23(a)(1).  The members of the Class are so numerous that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes that there are at least hundreds, if not thousands of Class members, since there are more than 6,000 rental units in the Properties. The precise number of Class members and their addresses is unknown to Plaintiff, but may be ascertained from Defendant's books and records.

Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

28.     Commonality and Predominance – Fed. R. Civ. P. 23(a)(2) and 23(b)(3).   This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. All Class members were subject to the same terms and conditions imposed by Defendant and all paid non-refundable Amenity Fees, though the amount of the Amenity Fee may have varied among the Class members. Furthermore, common questions of law and fact, include, but are not limited to:

    a.    Whether Defendant has been unjustly enriched as a result of the conduct complained of herein;

    b.    Whether Defendant's Amenity Fee violates Massachusetts law;

    c.    Whether Plaintiff and the other members of the Class are entitled to restitution and, if so, in what amount; and

    d.    Whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

29.     Typicality – Fed. R. Civ. P. 23(a)(3).   Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all Class members were comparably injured through the uniform misconduct described herein and all Class members have the same claim, *i.e.,* that Defendant's charging and collection of Amenity Fees violated and violates the Massachusetts Security Deposit Law.

30.     Adequacy of Representation – Fed. R. Civ. P. 23(a)(4).   Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the other members of the Class she seeks to represent; she has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and her counsel.

31.     Superiority – Fed. R. Civ. P. 23(b)(3).   A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.   The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct.   Even if the Class members could afford individual litigation, the court system could not.   Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.   By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

32.     Declaratory and Injunctive Relief – Fed. R. Civ. P. 23(b)(2).   Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Class as a whole.

## VI.   CLAIMS FOR RELIEF

### COUNT I
### Unjust Enrichment

33.     Plaintiff realleges and incorporates the allegations in the preceding paragraphs as if set forth at length here.

34.     Plaintiff and the other Class members conferred a benefit upon Defendant, in the form of the unlawful Amenity Fees they paid to Defendant as a condition of their tenancy.

35.     Defendant had an appreciation or knowledge of the unlawful Amenity Fees paid by Plaintiff and the other members of the Class.

36.     Defendant's acceptance or retention of these benefits is inequitable under the circumstances as outlined above.

### COUNT II

### Violation of c. 186 § 15B

37     Plaintiff realleges and incorporates the allegations in the preceding paragraphs as if set forth at length here.

38.     Defendant's charging and collection of Amenity Fees violates the Massachusetts Security Deposit Law.

39.     Defendant's Amenity Fee is not among the enumerated categories of charges that lessors of real property can require tenants or prospective tenants to pay at or prior to the commencement of their tenancy:

a)      the Amenity Fee is not a security deposit;

b)      the Amenity Fee is not a deposit for first month's rent or last month's rent; and

c)      the Amenity Fee is not a charge or reimbursement for the purchase and

installation of a key and lock.

40.      Plaintiff and the members of the Class have been injured by Defendant's violation

of the Massachusetts Security Deposit Law.

## VII.  <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff, individually and on behalf of the other members of the

Class proposed in this Complaint, respectfully requests that the Court order the following relief:

A.      An Order certifying the Class as requested herein;

B.      An Order awarding restitution to Plaintiff and the other members of the
proposed Class;

C.      An Order awarding declaratory and injunctive relief as permitted by law
or equity, including: enjoining Defendant from continuing its unlawful
practice of charging Amenity Fees in violation of the Massachusetts
Security Deposit Law;

D.      An Order awarding attorneys' fees and costs to Plaintiff and the other
Members of the Class; and

E.       Such other and further relief as may be just and proper.

## VIII.   JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

**Dated:**   May 8, 2012

Respectfully submitted,

**PASTOR LAW OFFICE, LLP**

/s/ David Pastor

David Pastor (BBO # 391000)
63 Atlantic Avenue, 3d Floor
Boston, Massachusetts  02110
Telephone:  617-742-9700
Facsimile:  617-742-9701
dpastor@pastorlawoffice.com

/s/ Preston W. Leonard

Preston W. Leonard (BBO # 680991)
ATTORNEY AT LAW
139 Charles Street, Suite A121
Boston, MA 02114
Telephone:     (617) 595-3640
prestonleonard@gmail.com

*Counsel for Plaintiff*